UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VICTOR W. BAKER, d/b/a ONE TREASURE LIMITED and ONE TREASURE, LTD., <br> *Plaintiff,* <br><br> v. <br><br> OCEAN SURFARI CHARTERS, L.L.C., d/b/a OCEAN SURFARI, <br> *Defendant* | § § § § § § § § § § | CIVIL ACTION NUMBER <br><br> 1:21-CV-00887 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW PLAINTIFF, Victor W. Baker, d/b/a One Treasure Limited and One Treasure, Ltd., and files this his Original Complaint, complaining of DEFENDANT, Ocean Surfari Charters, L.L.C., d/b/a Ocean Surfari ("Ocean Surfari"), and in support thereof would show as follows:

**I.  PARTIES**

1.     Plaintiff is an individual doing business as One Treasure Limited and One Treasure, Ltd., residing and with his principal place of business in Austin, Travis County, Texas.

2.     Defendant, Ocean Surfari Charters, L.L.C., is a foreign limited liability company organized under the laws of the U.S. Virgin Islands, and can be served with process through its managing member, Marcus Blackburn, at 9007 Havensight Shopping Center, Suite C, St. Thomas, U.S. Virgin Islands 00802, 6300 Smith Bay Rode, St. Thomas, Virgin Islands 00802, or 6501 Red Hook Plaza, Ste. 201, St. Thomas, Virgin Islands 00802.

**II.  JURISDICTION & VENUE**

3.     This action arises under the Copyright Act of 1976, Title 17, United States Code, and subject matter jurisdiction is founded on Title 28, United States Code § 1338(a).

4. This Court has personal jurisdiction under Texas' long-arm statute which extends as far as due process allows under the U.S. Constitution.[1]  Specifically, the court has specific jurisdiction over Defendant because it purposefully directed its infringing activities toward Texas, and this suit results from injuries in Texas arising out of those and other activities.  These activities are set forth in more detail below, but generally are as follows:  Ocean Surfari has been purchasing Plaintiff's antique-style map of the Virgin Islands for several years, all from Plaintiff in Austin, Texas, where the maps are printed.  On information and belief, Ocean Surfari used one of those maps to create the infringing towels at issue, again as described more specifically below.  This is sufficient to establish specific jurisdiction over a defendant in copyright cases.[2]

5. Moreover, Defendant offers the infringing towels on its website as seen at Exhibit C, and has sold the towels to Texas residents, including those in the Western District of Texas.  This, too, is sufficient to establish specific jurisdiction over a defendant.[3]

6. For the same reasons justifying personal jurisdiction in this State, venue is conferred in this judicial district by Title 28, United States Code, Section 1400(a).[4]

---

[1] *See* **Electrosource, Inc. v. Horizon Battery Techs., Ltd.**, 176 F.3d 867, 871 (5th Cir.1999).

[2] *E.g.* **Pro Fit Mangement, Inc. v. Lady of America Franchise Corp.**, 2010 WL 4810227, 5 (D.Kan. 2010) (finding out-of-state infringer who placed order for copyrighted material to plaintiff, and used material to infringe copyright was subject to specific jurisdiction; **Inspired by Design, L.L.C. v. Sammy's Sew Shop, L.L.C.**, 200 F.Supp.3d 1194, 1204-1206 (D.Kan. 2016) (finding same); and **Kindig it Design, Inc. v. Creative Controls, Inc.**, 157 F.Supp.3d 1167, 1179 (D.Utah 2016) (finding Michigan infringer who copied photographs from Utah company's website for its own subject to jurisdiction in Utah).

[3] **Keeton v. Hustler Magazine, Inc.**, 104 S.Ct. 1473, 1475-76 (1984) (finding circulation of libelous magazine in forum sufficient to establish personal jurisdiction over defendant, there); *see also* **Editorial Musical Latino Americana v. MAR International**, 829 F.Supp. 62, 63-64 (S.D.N.Y. 1993) (finding "[o]ffering one copy of an infringing work for sale in New York, even if there is no actual sale, constitutes commission of a tortious act within the state sufficient to imbue this Court with personal jurisdiction over the infringers," and collecting cases holding same.) and **Rocky Mountain Motor Tariff Bureau, Inc. v. G.R. Leonard & Co.**, 652 F.Supp. 1473, 1474 (D.Colo. 1987) (finding jurisdiction was proper over copyright infringer for "products which were delivered into the stream of commerce with the expectation that they will be purchased by consumers in the forum state.").

[4] *See* **General Design Sign Co., Inc. v. American General Desiggn, Inc.**, 2003 WL 251931, 2 (N.D.Tex. 2003) (finding "[i]t is well established that, for purposes of Section 1400(a), a defendant

## III.  FACTS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff is engaged in the business of creating, producing, and marketing antique-style, watercolor maps of the Caribbean islands and other locations around the World.  These maps are primarily purchased by companies such as Ocean Surfari that maintain operations in the locations the maps depict, and then sold to end consumers as large, poster-size copies of their respective originals.

8. Plaintiff is the owner of the copyright in a map entitled "Virgin Islands," a copy of which is attached as Exhibit B.  The map is registered with the U.S. Copyright Office, registration number VA 1-146-553, with an effective registration date of May 1, 2002.  A copy of the registration certificate is attached as Exhibit A.  Plaintiff reprints the map as a poster-sized paper copy, as well as on beach towels, all for resale in the Virgin Islands.

9. Defendant operates retail locations in the U.S. Virgin Islands, and has been purchasing Plaintiff's poster-sized map of the Virgin Islands map for resale for many years.  Plaintiff offered Defendant his own towels imprinted with the map.  However, Defendant declined claiming the material was too thick.  Plaintiff discovered in September 2021 that Defendant had created a beach towel using a version of Plaintiff's Virgin Island map, a copy of which is attached as Exhibit D.  Defendant offers the towels for sale in its retail locations as well as online as seen at Exhibit C.

10. The infringing map rearranges various elements of Plaintiff's map, but the maps are identical in all material regards.  For example, Plaintiff's map places two of the islands – St.

---

'may be found' in any district in which it is subject to personal jurisdiction."); *also see* ***Goldberg v. Cameron***, 482 F.Supp.2d 1136, 1143 (N.D.Cal. 2007) (citing ***VE Holding Corp. v. Johnson Gas Appliance Co.,*** 917 F.2d 1574, 1583 (Fed.Cir. 1990) as authority that "venue is proper in any district in which there is personal jurisdiction over the defendant.")

**Page 3 of 7**

F:\Clients\19000 C-19600-01-19999-003\19632 - Baker, Vic  General File\19632.025 Baker - Ocean Surfari\Pleadings\WORD VERSIONS\ORIGINAL COMPLAINT - jmw.doc - JMW

Croix and Anegada – in boxes in the bottom-right and upper-left corners, respectively.[5] Defendant's version moves Anegada to bottom middle of the map. Defendant's map also moves the compass rose from the upper-left to the bottom-right corner. And, Defendant's map moves the seal from the bottom-right to the upper-left corner. Also, Defendant's map removed the title "Virgin Island" from the seal, and replaced it with its business logo:

 

Defendant also included a copy of its logo on the towel's tag:



As a final example, Plaintiff's map includes various copyright management information in the bottom-right corner, including Plaintiff's assumed name, address and other contact information, all of which Defendant removed from its version.[6] Despite these rearrangements and changes, Defendant copied every material, aesthetic aspect of Plaintiff's map including fonts, colors, and selection of place names.

11.     Plaintiff has never given Defendant permission to reproduce or sell the map, except for the posters Defendant purchased from it.

---

[5] *See* Exhs. D and B.
[6] *Id.*

**Page 4 of 7**

F:\Clients\19000 C-19600-01-19999-003\19632 - Baker, Vic  General File\19632.025 Baker - Ocean Surfari\Pleadings\WORD VERSIONS\ORIGINAL COMPLAINT - jmw.doc - JMW

## IV.  CAUSES OF ACTION

### A)  COPYRIGHT INFRINGEMENT

12. Defendant's use of Virgin Islands constitutes an infringing act or series of actions as defined and as actionable under the federal Copyright Act of 1976, Title 17, United States Code.

13. In addition, Defendant's removal of copyright management information as described above violates 17 U.S.C.A. §1202(b).

### B)  DAMAGES

14. Plaintiff is entitled to the statutory damages set forth in 17 United States Code, Section 504(c).  Specifically, Plaintiff is entitled to a minimum of $750.00 and a maximum of $30,000.00.

15. Moreover, Defendant knew or should have known that Plaintiff owned the map because it has been buying it for many years.  This, combined with Defendant's intentional rearrangement of the map and removal of copyright management information, demonstrates that Defendant's infringement of was willful, and Plaintiff is entitled to recover up to $150,000.00.

16. In the alternative to recovery of statutory damages, Plaintiff seeks damages measured by the fair-market, license fee for use of the map.  Plaintiff is further entitled to any profits made by Defendant from its infringing acts.  Both measures of damage are prescribed by 17 United States Code Annotated, Section 504(b).

17. Plaintiff is further entitled to damages for removal of the copyright management information under 17 U.S.C.A. §1203(b)(c)(1), measured by Plaintiff's actual damages and additional profits of Defendant, or statutory damages.

**Page 5 of 7**

F:\Clients\19000 C-19600-01-19999-003\19632 - Baker, Vic  General File\19632.025 Baker - Ocean Surfari\Pleadings\WORD VERSIONS\ORIGINAL COMPLAINT - jmw.doc - JMW

### C) INJUNCTIVE RELIEF

18. Pursuant to 17 U.S.C.A. § 1498, Plaintiff further requests that Defendant be permanently enjoined from distributing Virgin Islands in any format, except for copies it purchases from Plaintiff.

19. In support of its request, Plaintiff would show that it has an inadequate remedy at law for Defendant's continuing infringement, even following an award of damages in this case. In particular, were Defendant to continuing its infringing activity, Plaintiff would be required to repeatedly sue it for damages. Irreparable harm exists justifying injunctive relief when a multiplicity of suits is the only method by which a party can obtain relief for an injury to his property rights.[7]

### D) ATTORNEY'S FEES.

20. Plaintiff is entitled to recovery of its costs and attorneys' fees reasonably incurred in pursuit of this action as set forth by 17 United States Code Annotated §505.

### V. JURY DEMAND

21  Plaintiff demands trial by jury as to this action.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have the following:

a) Such damages as Plaintiff has sustained in consequence of Defendant's infringement of Plaintiff's copyright, and an accounting for all gains, profits, and advantages derived by Defendant through such infringement;

b) In the alternative, Plaintiff seeks statutory damages as set forth by 17 U.S.C.A. §504(c), as well as an increase in said award for Defendant's willful infringement of same;

---

[7] ***Braniff Airways, Incorporated v. Toren***, 50 B.R. 393, 402 (N.D.Tex. 1984).

c) Attorneys' fees and costs reasonably incurred as provided by 17 U.S.C.A. §505; and,

d) such other and further relief to which Plaintiff may be justly entitled.

        Respectfully submitted,

        **BLAZIER, CHRISTENSEN, BROWDER**
          **& VIRR, P.C.**
        Attorneys and Counselors at Law
        901 S. Mopac Expy., Bldg. V, Ste. 200
        Austin, Texas 78746
        512.476.2622
        jwelch@blazierlaw.com

        _____
        JUSTIN M. WELCH
        Texas State Bar No.:  24003876
        **ATTORNEYS FOR PLAINTIFF**

**Page 7 of 7**

F:\Clients\19000 C-19600-01-19999-003\19632 - Baker, Vic  General File\19632.025 Baker - Ocean Surfari\Pleadings\WORD VERSIONS\ORIGINAL COMPLAINT - jmw.doc - JMW